## Moritz Schreiber *et al.*

### *v.*

## The Chicago and Evanston Railroad Company.

*Filed at Ottawa November 14, 1885.*

1. Eminent domain—*when condemnation is complete and rights of parties fixed.* Until the compensation awarded the owner of property sought to be appropriated to public use is actually paid, the petitioner has no right to enter upon the premises, and the land owner has no right to the compensation. Until this is done, the party seeking condemnation may abandon the location and select another. Until paid, the owner may do any act with his property he pleases, not materially affecting the proceeding and the object sought to be accomplished thereby.

2. Same—*to what time the valuation to relate.* Where the compensation is paid, the right vested in the company condemning relates back to the time of the filing of the petition, and hence the compensation to be paid is fixed by the valuation of the property at that date.

3. Same — *compensation to lessee holding unexpired term.* A party holding an unexpired term in property under a lease, is entitled to compensation for the value of the unexpired term before he can be deprived of the use of the property; but where he is permitted to occupy the premises after the proceeding to condemn is commenced, before a hearing is had, as to

him, until his term expires, he will have no interest to be taken or affected by the proceeding, and he will not be entitled to any compensation or damages for the value of improvements or trade fixtures, or for the cost of their removal.

4.   SAME—*tenant renewing lease pendente lite.*   Where a petition is filed to condemn land occupied by a tenant, and he is served with summons before his lease expires or any renewal is had, and his lease does not provide for a renewal, he can not, by taking a new lease, acquire any new rights in the use of the property adverse to the petitioner.   So he can not acquire any new rights simply by holding over.

5.   LANDLORD AND TENANT—*notice to terminate tenancy.*   Where land is occupied under a lease for a fixed time, the tenant is bound to surrender possession at the end of the term without any notice to quit or demand of possession.

6.   SAME—*removal of trade fixtures.*   On the consummation of a condemnation proceeding to take real estate for railroad purposes, by payment of the compensation awarded to the owner of the same after the expiration of a lease under him or his guardian, there seems to be no reason why the tenant holding over his term, and in possession, may not remove from the premises improvements placed thereon by him, which he might have removed as against his landlord, such as buildings and machinery, which are trade fixtures.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. EDMUND JUSSEN, Mr. JOHN WOODBRIDGE, Jr., and Mr. FRANCIS LACKNER, for the appellants:

By allowing a tenant for a year or years to hold over, he will become a tenant for another year. *Prickett* v. *Ritter,* 16 Ill. 97; *McKinney* v. *Peck,* 28 id. 178; *Otto* v. *Jackson,* 35 id. 350; *Hunt* v. *Morton,* 18 id. 76; *Higgins* v. *Halligan,* 46 id. 173; *Clapp* v. *Noble,* 84 id. 64; *Waren* v. *Halen,* 65 id. 395.

The structures on the premises were trade fixtures belonging to the lessee. *Morse* v. *Smith,* 24 Ill. 516; *Van Ness* v. *Packard,* 2 Pet. 413; Taylor on Landlord and Tenant, sec. 546.

When necessary to destroy a building standing in the proposed right of way, its value as a building should be allowed. *Railroad Co.* v. *Winslow,* 66 Ill. 222.

The expenses of its removal and interruption to business are proper elements of damages. *Railroad Co.* v. *Capps,* 67 Ill. 614.

If a landlord stands by and sees his tenant sell fixtures to a new tenant he can not afterwards assert title as against the assignee. Ewell on Fixtures, 346, 246; *Livingston* v. *Sulzer,* 26 N. Y. 379.

Damages should be assessed for the whole property taken as it appears, irrespective of ownership, occupation or use. *Canal Bank* v. *Meyer,* 9 Wend. 256; *Chicago* v. *Garrity,* 7 Bradw. 474.

The right of the tenant to fixtures continues until he surrenders possession, and does not terminate with the lease. *Moen* v. *Smith,* 24 Ill. 516; *Miller* v. *Earl,* 35 Sup. C. (J. & S.) 461; *Hagar* v. *Trustees, etc.* 44 Vt. 294.

The value of the premises and improvements are to be estimated as of the date of filing petition to condemn. *South Park Commissioners* v. *Dunlevy,* 91 Ill. 53; *Livingston* v. *Sulzer,* 19 Hun, 382.

The filing of the petition to condemn was such an appropriation of the buildings that we could not lawfully remove them. *Miller* v. *Earl,* 35 Sup. C. (J. & S.) 472; *Hampden Paint and Chemical Co.* v. *Springfield,* 118 Mass. 118.

The court will not permit appellee to deny the right of appellants after making them parties to the petition. *Railroad Co.* v. *Hopkins,* 90 Ill. 317.

Mr. E. WALKER, for the appellee:

The filing of the petition to condemn is not an appropriation of the property. This is done by taking actual possession after payment of the money awarded by the jury. *Railroad Co.* v. *Letter,* 68 Ill. 144.

The true measure of compensation to the owner of the fee is the full market value of the land, with damages to land not taken, and to the lessee, the full market value of the unex-

pired term of leasehold. *Railroad Co.* v. *Walsh,* 106 Ill. 253; *Booker* v. *Railroad Co.* 101 id. 333; *Chicago* v. *Garrity,* 7 Bradw. 482.

No part of appellants' leasehold estate has been taken, as it expired, and there was no extension or removal. They had nothing to be condemned.

If the. tenant remains and enjoys the use of the premises until his term expires, he can not claim compensation, although notified to quit by the company before the expiration of the term. *Regina* v. *Railroad Co.* 10 Ad. & E. 3; *Ex parte Nadin,* 17 L. J. (Ch.) 421.

Appellee having acquired the property from the landlord, succeeded to his immediate rights of possession on the termination of the leasehold estate. Appellants then had no lawful right except that of removal.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a proceeding in the Superior Court of Cook county, to condemn a strip of ground, fifty feet in width, over a certain block in the city of Chicago, for right of way for a railroad. The fee in the ground sought to be condemned was in Henry W. Kingsbury. While he was a minor, his guardian executed ground leases of the block, as follows: From May 1, 1879, to May 1, 1881, to Charles Mears; from May 1, 1881, to May 1, 1882, to Schreiber & Knaak, the appellants; from May 1, 1882, to December 15, 1883, to the same parties. Immediately after the execution of the lease to Mears, he erected on the part of the block of which condemnation is sought, certain brick and framed buildings to enable him to carry on a planing-mill and furniture factory, and he used the buildings for that purpose until the 20th of January, 1880, when he sold the buildings and his leasehold interest to Schreiber & Knaak, the appellants. After this time the appellants used the buildings for the same purpose.

Neither of the leases contained any provision with reference to the improvements, nor mentioned that there were improvements. Kingsbury became of age on the 15th of December, 1883, the day on which the last lease expired. The appellants did not surrender possession to Kingsbury, but remained in possession, and it is stipulated they are now holding over under said leases, and paying rent to Kingsbury. The petition was filed on the first of May, 1883, and there was a hearing as to the rights of Kingsbury, and the compensation to be paid to him, at the May term of the court, 1884, but the claim of appellants was not heard until the May term, 1885. The court found, at that time, that the amount awarded to Kingsbury had been paid to him, and that appellee was entitled to possession, except as against the claim of appellants. The court also then further found, and so held, that appellants had no further right of possession as lessees, and that they could not recover for the value of the improvements and the cost of the removal of the machinery, and for damage to their business.

Our statute provides that "the judge or court shall, upon such report,"—*i. e.*, report of the jury assessing damages,—"proceed to adjudge and make such order as to right and justice shall pertain, ordering that petitioner enter upon such property and the use of the same, upon payment of full compensation, as ascertained as aforesaid; and such order, with evidence of such payment, shall constitute complete justification of the taking of such property." (Rev. Stat. 1874, p. 477, sec. 10.) And so we have held, that until the compensation is paid, there is no right to enter upon the premises, —that until that time, the company seeking condemnation has the right to abandon the location and adopt another. *St. Louis and Southeastern Railway Co.* v. *Teters,* 68 Ill. 144; *Chicago and Iowa Railroad Co.* v. *Hopkins,* 90 id. 317; *Chicago* v. *Barbian,* 80 id. 482; *South Park Commissioners* v. *Dunlevy,* 91 id. 49. We can not, therefore, hold, as counsel

for appellants contend should be held, on the authority of *Muller* v. *Earl*, 35 N. Y. Sup. Ct. (Jones & Spencer,) 472, that the filing of the petition to condemn was such an appropriation of the buildings that appellants could not lawfully remove them. As we said in *Chicago* v. *Barbian*, *supra:* "The rights of the parties are correlative and have a reciprocal relation, the existence of the one depending on the existence of the other. When the party seeking condemnation acquires a vested right in the property, the owner has a vested right in the compensation ; but since no vested right can be acquired in the property, without the owner's consent, until compensation shall be paid, it must follow there can be no vested right in the compensation until after the amount is paid." This was quoted with approval in *South Park Commissioners* v. *Dunlevy, supra.*

Quite clearly, so long as the company is not bound to the location, but may change it and adopt another, the land owner can not be bound. He may, until the selection by the company becomes binding, do any act that an owner may do with his own, not materially interfering with the condemnation proceedings and the object sought to be accomplished thereby. From this it must follow that appellants were at perfect liberty to enter upon the premises at any time before the expiration of the lease on the 15th of December, 1883, and remove their machinery and buildings, assuming, as they claim, that the latter fall within the description of "trade fixtures." It did not require, as seems to be supposed, notice to terminate the lease on the 15th of December, 1883. Our statute provides that "when the tenancy is for a certain period, and the term expires by the terms of the lease, the tenant is then bound to surrender possession, and no notice to quit or demand of possession is necessary." Rev. Stat. 1874, sec. 12, chap. 80.

It does not appear that there was any covenant of renewal, and hence, at the time the petition was filed, the only rights the tenants had were to enjoy the unexpired term, and remove

their fixtures. Could they, after the petition was filed and summons served, and they thus had notice of the intention to appropriate the property to the uses of the right of way, and that the requisite steps were then being taken to execute that intention, acquire new rights in the use of the property, adverse to the petitioners? We think not.

Notwithstanding that until the compensation is paid there is no right to enter into possession of the premises, yet when the compensation is paid the right vested in the company relates back to the time of the filing of the petition; and upon that principle we have held that the compensation to be paid in such cases must be fixed by the valuation of the property at the date of the filing of the petition. (*South Park Commissioners* v. *Dunlevy, supra.*) Any rights in the property condemned, the tenants may have obtained by holding over, as against Kingsbury, they obtained *pendente lite,* and, therefore, subordinate to the rights of the petitioners. We know of no reason why they might not have removed their buildings, etc., at any time, while, as between them and the owner of the fee, they were trade fixtures, which are personal property in legal contemplation. The proceeding is not to condemn personal property, and the buildings, etc., could only be affected by it when they became legally a part of the soil to which they are attached, so as to pass with the title to it, as realty.

When the petition was filed, there were some six months of an unexpired term of which the tenants could not have been deprived without their consent; but with the company's consent, as implied by their not molesting them, they had the full enjoyment of that unexpired term. It is not reasonable that a party should ask to be compensated for the loss of an unexpired term, when, in fact, he has had the full enjoyment of his entire term. What these tenants would have been entitled to had they quit their possession when the summons was served, is a question not presented by this record.

The contention that the making of the tenants parties, is a recognition of their interests, is sufficiently answered by the fact that when this petition was filed these tenants had an unexpired term in the premises, but having enjoyed that term before the assessment of damages, that interest had then ceased.

The judgment is affirmed.

*Judgment affirmed.*