CITY OF CHICAGO *v.* MESSLER *et al.*

(*Circuit Court, N. D. Illinois.* March 25, 1889.)

1. EMINENT DOMAIN—COMPENSATION—LEASE PENDENTE LITE.
  One who takes a lease pending proceedings for the condemnation of the premises, has no claim for damages against the body maintaining the proceedings.

2. SAME.
  But his interest is terminated by the proceedings, and he is entitled to its value out of the damages awarded to the lessor.

At Law.

Proceedings by the city of Chicago for the condemnation of property of Thomas Messler and others. William Jenkinson petitions for payment of his damages.

*John W. Green*, for the City.

*W. B. Cunningham*, for Jenkinson.

*Judd, Ritchie & Esher*, for Bond.

BLODGETT, J. In this case the city filed a petition to condemn 33 feet of land on the east side of Stewart avenue, from Twenty-Third street to Egan avenue, for the purpose of widening Stewart avenue. Henry R. Bond, a citizen of the state of Connecticut, as owner of lots 1 and 8 in United States Bank addition to Chicago, caused the case, so far as it related to these lands, to be removed to this court for hearing. On the 18th day of February last a jury was waived, and the cause tried by the court, and the value of the portion of the lots in question owned by Mr. Bond sought to be taken in this proceeding was fixed at $22,500, a judgment rendered accordingly, and the money paid into court, where it now is. Since that judgment was entered, one William Jenkinson has appeared and filed his petition in the case, stating that on the 23d of March,

1888, which was subsequent to the commencement of proceedings by the city, said Bond, as the owner of the lots in question, leased to petitioner the building situate on the south-east corner of Twenty-Sixth street and Stewart avenue, being a portion of the land included in the said judgment, with the boilers, engines, and machinery situate in said building, for a rental of $2,000 per annum for the term of three years; that he has used the said demised premises for a planing-mill, and sash and blind factory; that he will be subjected to great damage by reason of the breaking up of his business; and prays that he may be paid his said damages out of the money in court.

In behalf of the city it is contended that no change in the value or condition of the property since the filing of the petition to condemn can affect the rights of the city, as the value of the property at the time of the commencement of the proceedings to condemn is the measure of the city's liability. *Commissioners* v. *Dunlevy*, 91 Ill. 49; *Schreiber* v. *Railroad Co.*, 115 Ill. 340, 3 N. E. Rep. 427. While on the part of Bond, the land-owner, it is insisted that this petitioner took *pendente lite*, and was liable to have his leasehold interest terminated by the judgment of condemnation, whenever the case should be brought to hearing, and that he therefore has no claim for damages either against the city or Mr. Bond, the lessor. I think it must be conceded that this tenant, having entered *pendente lite*, cannot enforce any claim for damages against the city, and there can be no doubt that by these proceedings the leasehold estate is terminated; and, as I said, the contention on the part of Mr. Bond, the lessor, is that the petitioner has no claim by virtue of this lease on the fund in court. I think that by this lease, Bond, the owner of the fee, has carved out of his fee-simple estate this estate for three years, and that to the extent of the value of this estate for years the petitioner is entitled to be paid out of this fund. I cannot see any difference between the case made by this petition and what would have resulted if Mr. Bond, after the filing of this petition, had conveyed the entire estate to a third person. In that event there would be no doubt but what the grantee of the fee would be entitled to the compensation finally awarded for the taking of the property. So, here, Mr. Bond has conveyed, not the entire fee, but an estate for the term of three years, and so far he has divested himself of the right to compensation, and the compensation which would have gone to him for the whole fee must be divided between the reversion, which remains in him, and the term for years which he has created.

The petitioner claims large damages for the loss of his business, and the expense of moving to some other place in which to establish or carry on his business. I am not prepared to say at present whether this claim is well founded or not. My present impression is that, inasmuch as the petitioner would have been compelled to move at the expiration of his leasehold estate, and as the termination of the leasehold estate is not the act of the lessor, that no damages can be claimed against the lessor, or from the fund in court, for injury to the business of petitioner on the premises, or the expenses of moving to another site; still I do not deem it

necessary to definitely dispose of that question in regard to the measure of damages at this time. It is enough, therefore, to say that I consider the petition sufficient to entitle the petitioner to some compensation out of the fund in court, and shall therefore overrule the objections made to it in behalf of Mr. Bond, and leave all further questions until the hearing.