THE CITY OF CINCINNATI v. SCHMIDT ET AL.

*Municipal corporations — Appropriation proceedings— Lessee not entitled to compensation, when — Right of lessee to remove improvements.*

A tenant under a five-year lease, with provision giving the tenant the right to remove all improvements at the expiration of the lease, who holds over after the termination of the lease, becomes a tenant from year to year and is not entitled to compensation for the appropriation of the leased property under condemnation proceedings, although the proceedings are commenced before the expiration of his yearly term, where he is allowed to occupy the premises until the end of his term. His only right under the lease is to remove the improvements.

(Decided June 20, 1921.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Saul Zielonka,* city solicitor, and *Mr. Dennis J. Ryan,* assistant city solicitor, for plaintiff in error.

*Mr. Otto Pfleger,* for defendants in error.

CUSHING, J. The city of Cincinnati brought action in the court of common pleas to appropriate property for the purpose of widening and straightening Ludlow avenue from Cornell place to the Ludlow avenue viaduct. In that proceeding the city acquired the fee simple title to the forty-five pieces of property included in the proceeding. The verdict and judgment recited that the buildings situated on parcels Nos. 11 and 25 were not included in the verdict. Subsequently, on February 11, 1920, the city moved to dismiss Mary Cunningham, who claimed an interest in parcel No. 11, and

Firman Barratt, who claimed an interest in parcel No. 25. The court overruled this motion and impaneled a jury and assessed compensation to Cunningham and Barratt. It is to reverse that judgment that this proceeding is prosecuted.

The record discloses that about August 1, 1887, William and Mary Cunningham leased the premises known as parcel No. 11 from Robert Bowler and R. W. Hill, trustees. The lease was for five years. It expired July 31, 1892. The lease was not recorded. At the expiration of the term, Cunningham held over without entering into a new lease. Firman Barratt leased parcel No. 25 about June 4, 1902, for a period commencing April 1, 1902, and ending March 3, 1905. This lease was not recorded. Both leases contained the following provision:

"It is further agreed between said lessor and said lessee that if upon the expiration of the within lease, there is any rent due from said lessee, then a lien is hereby reserved upon all the improvements, which have been or may be made by said lessee on said premises. It being further agreed, however, that if all rents shall be paid at the expiration of this lease, it shall be the privilege of said lessee to remove all improvements made upon said premises regardless of whether or not such improvements have attached to or become a part of the realty."

The right of the tenant to remove the buildings is conceded.

It is claimed that the holding over of the lease did not create an estate or interest in the land, and, therefore, that the rights of Cunningham and Barratt were limited to their interests in the buildings.

(Section 8620, General Code.)    It was conceded in argument that the tenancy at the time of the institution of the proceeding in the court of common pleas was a yearly term, and that the rights of Cunningham and Barratt were limited to their right to remove the buildings at the expiration of their terms.

In *Chicago, Evanston & Lake Superior Rd. Co.* v. *Catholic Bishop of Chicago,* 119 Ill., 525, the court said that a tenant acquiring a lease after proceedings, or holds over after said term, his rights sation, as the right of compensation dates from the filing of the petition for condemnation.

In the case at bar the tenants were permitted to occupy the premises until the expiration of the year that they held over under their original occupation. The judgment vesting title in the city was entered May 20, 1919.    While the city acquired the fee, it was stated in argument that it had not proceeded to make the improvements on the land at the expiration of the year, which would be 1920, or at the expiration of the second year, which would be May 20, 1921.

The rule is well stated in *Schreiber* v. *Chicago & Evanston Railroad Co.,* 115 Ill., 340, that a tenant permitted to occupy the land until the expiration of term is not entitled to compensation, although proceedings to condemn are begun before his lease expires, and if he takes a new lease after such proceedings to condemn, is not entitled to any compensation are subordinate to those acquired by the proceedings to condemn.

The tenants held over after the expiration of their leases, and thereby became tenants from year

to year. *Moore* v. *Beasley,* 3 Ohio, 294; *Baltimore & Ohio Rd. Co.* v. *West,* 57 Ohio St., 161, and *Moore* v. *Harter,* 67 Ohio St., 250.

In *Hopkins* v. *Carroll,* 11 C. C., N. S., 605, it was held that in holding over, when the original lease had been for five years, the tenancy is from year to year. These leases have expired. The tenants are holding over from year to year. Under the terms of the original leases the tenants had the right to remove the buildings at the expiration of their terms. This option was open to them at the expiration of the year for which they were holding over. The acquiring of the fee by the city of the real estate in no way changed their right. The court below was in error in overruling the motions to dismiss Cunningham and Barratt as parties defendant, and in impaneling a jury to assess damages for the taking of these buildings. Their terms having expired, the only right they have under the original lease is to remove the buildings. If they do not exercise that privilege, they will be deemed to have abandoned the improvements.

The judgment of the court below will be reversed.

*Judgment reversed.*

HAMILTON, P. J., and BUCHWALTER, J., concur.