---

(No. 16346.—Reversed and remanded.)
THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellee, *vs.* OTTO F. SOHM, Appellant.

*Opinion filed February 17, 1925.*

1. EMINENT DOMAIN—*nature of condemnation proceeding.* A condemnation proceeding is special, statutory and summary, the power to take the property, if necessary for public use, is inherent in the State, and the sole object of the petition is to ascertain the compensation to be paid.

2. SAME—*defendant to condemnation proceeding is not required to prove title as against petitioner.* The petitioner for condemnation is required, at its peril, to ascertain and name in the petition the true owner of the land sought to be condemned, but the person so named as owner in the petition is not required to prove

title, and any averments of the petition as to the nature or extent of the estate or title of the defendant are not binding on him.

3. SAME—*petitioner's right to take property without compensation cannot be determined.* A petition for condemnation is not the proper proceeding to determine whether the petitioner already has a right or interest in the land as against the defendant's claim of ownership, and the court has no jurisdiction in such case to enter an order requiring the defendant to surrender possession without compensation.

4. HIGHWAYS—*when petition for condemnation is subject to demurrer.* A petition for condemnation of land for a public highway is subject to demurrer where it alleges that the tract involved is already a public highway and that the defendant has no interest therein except a reversionary right, which the petition does not seek to condemn.

APPEAL from the Circuit Court of McHenry county; the Hon. E. D. SHURTLEFF, Judge, presiding.

D. T. SMILEY, for appellant.

EDWARD J. BRUNDAGE, Attorney General, DAVID R. JOSLYN, SR., and DAVID R. JOSLYN, JR., (A. E. CAMPBELL, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Department of Public Works and Buildings of the State of Illinois filed a petition in the circuit court of McHenry county representing that it was engaged in the construction of the system of durable hard-surfaced roads authorized by an act of the legislature in force July 1, 1917, and that in such construction it was necessary to acquire certain lands and premises described in the petition. The lands described were two tracts, one known as tract "A," being a part of lot 4 of block 8 of the plat of the town of McHenry, which was particularly described in the petition by metes and bounds and was alleged to be private property. The other tract, called tract "B," was alleged to be a part of fractional section 26, town 25, north, range 8, east of the third principal meridian, being a strip sixty-six

feet wide immediately south of and adjoining block 8 of the plat of the town of McHenry and extending west from the west line of Fox street to the Fox river, and was particularly described in the petition by metes and bounds. Tract "B" was alleged to be a part of a public highway but obstructed by certain buildings erected thereon. The petition further alleged that the persons mentioned in connection with tract "A" are, so far as appears of record and so far as the petitioner has been able to learn, the persons who own or are otherwise interested in the premises or claim to have some interest therein, and that the persons mentioned in connection with tract "B" are, so far as appears from the record and so far as the petitioner has been able to learn, the only persons who are interested in the same or claim to have any interest therein. No persons are mentioned in the petition in connection with either tract "A" or tract "B," but it is represented "that the names of the owners of the fee of said lands and premises as appearing of record, and the persons claiming to be interested therein so far as your petitioner knows and is informed, are:" Then follow the names of several persons, including Otto F. Sohm and Mary Sohm, but not stating more definitely the title or interest of anyone, except that one is alleged to be the holder of a note and two the trustees of a mortgage securing it, but not stating the amount of the note or the property mortgaged. The petition prays for summons against the persons named and that just compensation may be made, according to law, to the owners and persons interested in said lands and premises, and to each of them, as he or they are entitled under the laws of this State.

Otto F. Sohm and Mary Sohm, two of the defendants, filed an answer to the petition, stating that they admit the right of the petitioner to file a petition to condemn land, but they state that the allegation of the petition that the lands referred to as tract "B" are a part of the public highway but obstructed by certain buildings erected thereon is

untrue, and they aver that the south half of tract "B" is now owned and occupied by Otto F. Sohm, one of the defendants, and was so owned and occupied for a great many years prior to the filing of the petition to condemn. The answer further avers that Sohm has made lasting, valuable improvements upon the south half of tract "B," consisting of a boathouse on the river bank for the purpose of using motor boats and row boats, with a large garage over the boathouse, and above the garage a number of rooms, constituting a substantial structure and improvement, consisting of stone, cement, wood and other building materials; that leading from the garage to the public highway east is a wide cement driveway with curb and gutter, and running north and south on the east side of tract "B" a substantial iron fence with a small iron gate, and a sidewalk leading up to the residence of Sohm; that over the cement driveway there is a substantial pergola covered with vines, and along the driveway are extensive flower-beds and gardens; that such improvements are substantial, lasting and valuable, and were placed on tract "B" because Sohm is the owner of that tract and also the owner of all of block 9, which lies immediately south of and adjoining tract. "B." The defendants' answer concludes with a denial of the petitioner's right to condemn any part of the south half of tract "B," and prays the same advantage of the answer as if they had pleaded or demurred to the petition. Otto and Mary Sohm also filed a cross-petition, alleging that Sohm is the owner in possession of the south half of tract "B" and also block 9, and that the south half of tract "B" immediately adjoins and abuts on block 9 on the north, and is a necessary and material part of the premises so occupied and owned by Sohm, and if tract "B" is condemned in this proceeding and obtained for a public highway it will cause great damage to block 9, which is improved by a substantial bungalow, with shrubs, trees, flower gardens, and cement sidewalks surrounding the same, and fronting

on Fox river. The cross-petition prays that if tract "B" is condemned, just compensation may be made to the cross-petitioners for the damage to block 9.

On June 3 there was a hearing upon the petition as to the ownership of the premises described. On motion of the petitioner the answer was stricken from the files but Sohm was given leave to file his cross-petition, and at the conclusion of the hearing as to the ownership of the premises described as tract "B," the court found and adjudged that said tract is a public highway and subject to the easement of use by the people for highway purposes; that Sohm has no interest in said tract other than or different from that of the general public except that of the right of reversion, as abutting property owner, upon future abandonment or vacation of the road, and that he is the owner of such right of reversion of the south half of the tract. The cause was then submitted to a jury for the purpose of determining the amount of the damages to block 9, and the jury returned a verdict finding that block 9 will be damaged by the making of the proposed improvement to the extent of $200. A motion for a new trial having been made and overruled, it was ordered that the petitioner pay to the defendant Otto F. Sohm, or to the county treasurer of McHenry county, the sum of $200 on or before July 14, 1924, and the petitioner was authorized and empowered, immediately and at any time thereafter, to enter upon, take possession of and use for right of way purposes for a hard-surfaced public highway, and for all purposes incident thereto, a tract of land known as tract "B," "being the same tract of land described in the petition of the petitioner as tract 'B' and found by the court and decreed to be a public highway or road." The defendant Sohm has appealed from the judgment.

The sole object of a petition to condemn land for public use is to ascertain the compensation to be paid. The power to take private property whenever necessary for pub-

lic use is inherent in the State, and chapter 47 of the Revised Statutes has provided for the exercise of that power. The proceeding is special, statutory and summary, its sole object is to ascertain the compensation to be paid, and the amount is the only issue. (*Metropolitan Elevated Railway Co.* v. *Eschner*, 232 Ill. 210; *Chicago and Milwaukee Electric Railroad Co.* v. *Diver*, 213 id. 26; *Lieberman* v. *Chicago and South Side Rapid Transit Railroad Co.* 141 id. 140.) The petitioner is required at its peril to ascertain and name in the petition the true owner of the land sought to be condemned and taken, and the person so named as owner in the petition is not required to prove title. (*Chicago and Milwaukee Electric Railroad Co.* v. *Diver, supra; St. Louis and Southeastern Railway Co.* v. *Teters*, 68 Ill. 144; *Peoria, Pekin and Jacksonville Railroad Co.* v. *Laurie*, 63 id. 264.) Averments of the petition as to the nature or extent of the estate or title of the defendants are not binding on the defendants, and upon a proper issue the court may determine such questions, but such averments are binding on the petitioner and the defendants are not required to establish their title. (*Sanitary District* v. *Pittsburg, Fort Wayne and Chicago Railway Co.* 216 Ill. 575; *Peoria and Rock Island Railway Co.* v. *Bryant*, 57 id. 473.) If a corporation entitled to exercise the right of eminent domain claims that it already has a right to take land, a petition for condemnation is not the proper proceeding to try that question. (*Sanitary District* v. *Pittsburg, Fort Wayne and Chicago Railway Co. supra.*) The petition, so far as the appellant was concerned, did not seek to condemn any property. It alleged that tract "B" was a public highway, in which the appellant had no interest except a reversionary right, which it does not seek to condemn. Under the averments of the petition the tract was a highway which was under the jurisdiction of the petitioner and which it had a right to use for the purposes of the hard road system which it was engaged in constructing.

The cross-petition of the appellant claims the ownership of the south half of tract "B" in fee and alleges his possession as such owner. The court entered a judgment finding that the appellant had no interest in the land except a possibility of reversion, and an order requiring him to surrender possession without compensation. The court had no jurisdiction to make such an order. The petition furnished no basis for it. The statute provides for the condemnation of private property, only. The petition expressly says this was not private property but was public property which petitioner had a right to take possession of. Such a state of facts might furnish a basis for an ejectment suit but not for the condemnation of a right which did not exist. The petitioner did not ask for a condemnation but for an adjudication of its right of possession. It is true that the court heard evidence on the one hand as to the existence of the highway and on the other as to its abandonment, as the appellant claimed, causing a reversion of the title to the adjacent land owner, but the court had no jurisdiction to hear any such question. The fact that the parties entered into a trial of the issue could not confer on the court jurisdiction to determine such a cause. The petition itself was demurrable. It showed on its face that the petitioner was not seeking to condemn private property but was seeking an order ejecting the appellant from a part of the premises which he was occupying under claim of ownership. There was no petition for the condemnation of block 9 or for the assessment of damages to it and no authority to determine that question.

The judgment is reversed and the cause remanded to the circuit court, with directions to dismiss the petition.

*Reversed and remanded, with directions.*