TONKEL *et al. v.* RITEMAN.

(Division B.   April 25, 1932.)

[141 So. 344.   No. 29989.]

Wynn & Hafter, of Greenville, for appellants.

Percy, Strauss & Kellner, of Greenville, for appellee.

Argued orally by **Jerome S. Hafter**, for appellant, and by **Ernest Kellner, Jr.**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

It is firmly established that where, without a new contract, a tenant continues to occupy the property which he has held under an annual lease, he becomes liable as tenant for another year at the same rate and under the same terms. Love v. Law, 57 Miss. 596; Usher v. Moss, 50 Miss. 208. It is the duty of a tenant when his period of tenancy has expired to surrender the premises to his' landlord or else to have procured a new contract, and, if he fails to do either, the landlord may treat him as a trespasser or as a tenant under the previous terms, according to the option of the landlord. In consequence of the foregoing principles, it is immaterial that the tenant may have notified the landlord that he will not renew the lease, or that he will remain only for a lesser period than that of the original lease or that he will pay a lesser amount in rent. Wolffe v. Wolff, 69 Ala. 549, 44 Am. Rep. 526; 35 C. J., pp. 1029, 1030, 1101, 1102, unless the landlord thereupon consents that the holding over shall be upon new or different terms, or unless the equivalent of consent shall arise out of the fact that the tenant has remained in possession pending negotiations for a new

lease. 35 C. J. 1032, 1104; Thos. Hinds Lodge v. Fayette Church, 103 Miss. 130, 60 So. 66. And in order that the negotiations shall be fairly and justly the equivalent of, or a substitute for, consent, the negotiations in the particular case must be actual and substantial negotiations, not mere suggestions or requests or demands therefor or tentative approaches thereto, but upon which there has been no actual or substantial entry and upon which there has been no commitment that the landlord will in fact enter.

The proof in behalf of appellant shows that during the month preceding the expiration of the lease appellant told the agent of the landlord that appellant desired a reduction in rent, and that, unless appellant could secure a reduction, he would hold only from month to month and until he could find another place. In response to this, the agent made no agreement one way or the other. The only response made by the agent to the appellant was that the agent would take it up with the landlord, but the agent made no commitment in regard to the attitude that the landlord would take. Whether, before the expiration of the term, the agent communicated with the landlord, is not shown as a fact. The term elapsed, and the new period of possession was begun without any further material contact or progress in the matter between the tenant and the landlord or between the tenant and the landlord's agent. In our opinion, this did not fulfill the requisite legal measure in respect to negotiations for a new lease. Such negotiations must amount to more than a request for the consideration of new terms on the side of the tenant and the promise by the agent without any further commitment to refer the question to the landlord on the other, and that was all that happened here. The conversation between the tenant and the agent in respect to a new lease had not brought the transaction into such a state of progress as that it may

be considered as having attained to the dignity of nego-
tiations. This was the view taken by the trial courts, and
the judgment will be affirmed.

Affirmed.