395 So.2d 956 (1981)
ESTATE OF L.P. RATLIFF, Sr., Deceased.
May Dee FIELDS and Fluvia Jan Kessler
v.
Jerry R. RATLIFF, Executor.
No. 52116.
Supreme Court of Mississippi.
February 18, 1981.
Charles E. Hughes, Joshua Green, Green, Cheney & Hughes, Jackson, for appellants.
John H. Barnett, III, Barnett, Montgomery, McClintock & Cunningham, Jackson, for appellee.
En banc.

ON PETITION FOR REHEARING
WALKER, Justice, for the Court:
The appellants' petition for rehearing and the appellee's answer thereto have been fully considered by the Court sitting en banc, and the Court finds that the per curiam affirmance of the decree of the lower court, without opinion, should be and is hereby withdrawn, and the following opinion substituted therefor.
The original appeal in this cause arose out of objections by two of the heirs of L.P. Ratliff to the accounting filed by Jerry R. Ratliff, Executor of the Estate of L.P. Ratliff, Sr., deceased, in the Chancery Court of Lincoln County, Mississippi.
L.P. Ratliff, Sr. died in September, 1977, leaving nine adult children as heirs. One of his sons, Jerry R. Ratliff, is executor of the estate. The executor filed his accounting and also filed a petition for authority to sell certain of the estate lands to satisfy debts, taxes, and administrative expenses of the estate, stating in effect that the estate did not have sufficient money or personal property to satisfy same. The appellants, Mrs. May Dee Fields and Mrs. Fluvia Jan Kessler, daughters of the deceased, objected to the accounting, questioning its truthfulness and accuracy in certain respects, and prayed that it be corrected.
On this petition for rehearing, we are concerned with:
(1) Whether decedent owned at the time of his death any interest in the partnership known as Ratliff Sheet Metal Works in Brookhaven, Mississippi, and whether the value of that interest is an asset of the estate that should have been included in the *957 accounting of the executor. We answer that in the affirmative.
The chancellor's original opinion and the decree heretofore affirmed by this Court were based on oral testimony of witnesses that the deceased gave his interest in the Ratliff Sheet Metal Works to the executor and two other sons in 1971. On petition for rehearing, the appellants urge that the chancellor erred in such finding since the documentary evidence is to the contrary. In particular, the executor's Federal Estate Tax return represented that the decedent owned an interest in the partnership at the time of his death valued at $14,186.71. This return was attached to the executor's petition for authority to sell certain real estate belonging to the estate in order to satisfy debts, taxes, and administrative expenses of the estate because there was not sufficient money or personal property to satisfy same. These representations were made under oath and have not been corrected, if erroneous.
In the absence of fraud or mistake, the executor may not take, in the course of the same cause or proceeding, inconsistent positions which would be detrimental to the appellants, on the one hand, and beneficial to himself, on the other hand. See Mississippi State Highway Commission v. West, 181 Miss. 206, 179 So. 279 (1938). We are therefore of the opinion that the chancellor was manifestly wrong in finding that the deceased made an inter vivos gift of his complete interest in the partnership to the executor and two other sons prior to his death. It is evident, however, that he made a partial gift of his interest to the three partner  sons over several years prior to his death.
(2) Did the chancellor err in erasing the estate's claim for rent on the land and buildings occupied by the partnership?
In view of the above holding, upon remand a hearing should be conducted to determine how much, if any, rental is owed by the partnership and sons to the estate. We would point out that there is no evidence in this record that would support a finding that the deceased conveyed the real estate and shop buildings out of which the partnership operated to the partnership or his partner sons.
(3) Does appellants' claim for annual interest on decedent's "money invested" in the partnership stand as an asset of the estate?
Since this cause has to be remanded for further proceedings, the question of how much interest, if any, remains due and owing to the estate according to the partnership agreement "on the money invested by L.P. Ratliff, Sr." in the partnership should be determined.
This cause is, therefore, remanded to the chancery court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.