458 So.2d 691 (1984)
In the Matter of the Last Will and Testament of Mrs. G.L. (Mai) CHAMBERS, Deceased.
Mrs. Glenn ABERNATHY, et al.
v.
O.R. SMITH, Jr. and George P. Chambers, Joint Executors.
No. 54969.
Supreme Court of Mississippi.
September 5, 1984.
Rehearing Denied November 14, 1984.
*692 Charles R. Wilbanks, Corinth, for appellants.
W.C. Sweat, Jr., Corinth, for appellees.
Before PATTERSON, C.J., and DAN M. LEE and PRATHER, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Chancery Court of Alcorn County wherein the chancellor approved the final accounting of the Estate of Mrs. G.L. (Mai) Chambers. The appellants are devisees under Mrs. Chambers' will who object to the acceptance of the final accounting of her estate. The appellees are co-executors of the estate. The chancellor overruled the objections to the final accounting and the objectors bring this appeal.
On June 12, 1968, Mrs. G.L. (Mai) Chambers died. Mrs. Chambers had executed a joint will with her husband who had predeceased her. Subsequent to his death she executed two codicils, one of which is irrelevant for purposes of this appeal, the other named George P. Chambers and Mrs. Beatrice C. Owen as joint executors. This codicil also named O.R. Smith, Jr. as an alternate executor.[1] The will and codicils were filed for probate on July 5, 1968. The final account of the executors was filed on January 6, 1982, some thirteen and one-half years after Mrs. Chambers' death. To quote the chancellor "The administration has been lengthy and complex with numerous beneficiaries involved throughout."
We address three points on this appeal: (1) The failure of the co-executors to make annual accountings. (2) The actions of one of the co-executors in asserting a legal position inconsistent with the interest of the estate. (3) The award of attorneys fees and executors fees in light of the above enumerated irregularities.
The co-executors readily admit that they did not make annual accountings. Section 91-7-277 Miss. Code Ann. (1972) reads:
Every executor or administrator, at least once in each year or oftener if required by the court, shall present under oath an account of his administration, showing the disbursements, every item of which and the amount thereof to be distinctly stated and supported by legal voucher, and it shall also show the receipts of money and from what sources. The failure to account annually shall be a breach of the administration bond, for which it may be put in suit, or the executor or administrator may be removed; but the court may, on application and on cause shown, extend the time for accounting. In the event that the account shall be presented by a bank or trust company which is subject to supervision of the department of bank supervision of the State of Mississippi or of the comptroller of the currency of the United States, and such account or the petition for the approval of same shall contain a statement under oath by an officer of said bank or trust company showing that the vouchers covering the disbursements in the account presented are on file with said bank or trust company, such bank or trust company shall not be required to file vouchers. Provided, however, that *693 said bank or trust company shall produce said vouchers for inspection of any interested party or his or her attorney at any time during legal banking hours at the office of said bank or trust company and, provided further, that the court on its own motion or on the motion of any interested party may require that said vouchers be produced and inspected at the time of hearing of any objections that may be filed to any annual accounts of any executors or administrators. The court shall examine all such accounts and the vouchers required to be filed or produced for inspection, and if satisfied that the account is just and true, it shall decree the same approved and allowed as a correct annual settlement. If the decree allowing and approving the account of any executor or administrator shall affirmatively recite that the vouchers to support the disbursements shown in the account were exhibited to and approved by the court, it shall not be necessary to file the vouchers in the cause, but they shall be preserved by the executor or administrator until after the final accounting has been approved.
The co-executors argue that because the chancellor found that their failure to make annual accountings resulted in no loss to the estate that this matter is of no consequence. We disagree. Under our interpretation of § 91-7-277 the requirement that annual accountings be made is mandatory, not simply advisory. Ridgeway v. Jones, 125 Miss. 22, 87 So. 461 (1921). The requirement of an annual accounting is designed to prevent the plundering of estates and safeguard the intention of the deceased and the statutes of descent and distribution. Heirs and devisees are entitled to this protection so that their interests are not silently eroded by a river of unnecessary or improper expenditures.
It is not significant that in the instant case the chancellor found that the making of annual accounts would not have been of any benefit to the estate. The failure to make the annual accountings as required by § 91-7-277 is a breach of the executor's mandatory duties.
Within a year prior to her death Mrs. Chambers, the testatrix, deeded certain of her property to George P. Chambers, one of the co-executors. A suit was filed by eleven of the devisees of the estate to bring that property back into the estate. In defending this suit and attempting to prevent the subject property from being returned to the corpus of the estate, George Chambers obviously had a conflict of interest with the estate. As we have held in Ratliff v. Ratliff, 395 So.2d 956 (Miss. 1981) an executor may not take inconsistent positions which would be detrimental to the heirs on the one hand and beneficial to himself on the other. When an executor finds his own interest in conflict with those of the estate, the sanctity of the fiduciary relationship is invaded and he should immediately resign as executor.
The executors in this case were awarded $5,000 each as executors fees together with an award of $500 to the Estate of Mrs. Owens. In addition, the attorney for the estate was awarded an attorney's fee of $17,000. These sums are shocking to the conscience of this Court in light of the aforementioned irregularities and the inexcusable failure of the executors and estate's attorney to timely file federal and state tax returns resulting in the assessment of a penalty and interest costing the estate several thousand dollars. We therefore reverse the order of the chancellor approving the final accounting of the Estate of Mrs. G.L. Mai Chambers and remand this cause to the Chancery Court of Alcorn County for determination of an appropriate sum of attorneys and executors fees.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
BOWLING, J., not participating.
NOTES
[1] O.R. Smith, Jr. was appointed substituted executor on September 2, 1970, following the death of Mrs. Owen on July 28, 1970.