## Meginnis and Swartz *versus* Nunamaker.

1. The Act of April 23d 1857 (Roads in Bucks County), is a supplement to the general road laws.

2. In all points of the Act of 1857, in which special provision is not made by way of amendment, the general law must govern.

3. The two laws compared as to road damages.

4. Damages under the Act of 1857 are to be paid to the owner through whose land the road is opened.

5. The person to whom damages are awarded in the first instance, has no vested right to receive them until the final order to open.

6. If before the final order he conveys the land, the right to receive the damages passes to the vendee.

7. A vendee of land through which a road was opened after his purchase, may recover the damages from his vendor to whom they were assessed and who received them from the county treasurer.

8. Dobbins *v*. Brown, 2 Jones 75.

March 7th 1870. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. READ, J., at Nisi Prius.

Error to the Court of Common Pleas of *Bucks county*: No. 311, to January Term 1870.

This was an amicable action and case stated, in which Bower Nunamaker was plaintiff and James Meginnis and Thomas Schwartz, defendants, entered June 15th 1859.

The facts stated in the case were : The defendants were owners of a farm in Plumstead township, Bucks county; at April sessions, 1865, viewers were appointed to lay out a road in that township; at the September term the viewers reported that they had laid out a road through the defendants' farm, and assessed damages to him at $40. Exceptions were filed to the report, and a petition for reviewers was presented.

On the 30th of November 1865, the defendants sold their farm to the plaintiff. On the 16th of January 1866, the exceptions to the viewers' report were dismissed, and reviewers were appointed. At February sessions the reviewers reported, laying out the road as before, and assessing the damages at $150. On the 11th of June 1866, this report on exceptions, was set aside. On the 4th of April 1867, the Court of Quarter Sessions granted a rule on the defendants to show cause why the damages assessed by the viewers should not be directed to be paid to the plaintiff. On the 8th of April an order was issued to open the road according to the report of the viewers. On the 10th of June the rule to show

[Mcginnis *v.* Nunamaker.]

cause was discharged. The plaintiff demanded the payment of the damages from the county commissioners; they refused to pay him, and on the 10th of October paid them to the defendants.

If the court should be of opinion that the plaintiff was entitled to the damages paid to the defendants, the judgment was to be entered in his favor for $40, with costs; but should the court be of·a contrary opinion, judgment to be entered in favor of the defendants for costs.

The Court of Common Pleas (Chapman, P. J.) entered judgment for the plaintiff for $40, according to the case stated. This was assigned for error by the defendants on the removal of the record to the Supreme Court.

*G. Lear,* for plaintiffs in error.—The 3d and 4th sections of the Act of April 23d 1857, Pamph. L. 297, " to amend the road laws of Bucks county," direct that the viewers locating a road shall endeavor to procure " from the owners of lands over which it shall pass, releases of damages arising from opening the same," and that the damages assessed " shall be paid as directed by law," &c. This changed sections 7th and 8th of the General Road Law of June 13th 1836, Pamph. L. 556, Purd. 873, pl. 7, 8. The report having been confirmed the damages are to be paid to the person to whom they were assessed : Road *v.* Bensalem, 2 *Wright* 368; Neal *v.* Pitts. & Conn. Railroad, 2 Grant 137.

*R. Watson,* for defendant in error, referred to the same Acts of Assembly.

The opinion of the court was delivered, March 21st 1870, by
SHARSWOOD, J.—The Act of Assembly of April 23d 1857, Pamph. L. 297, although not so termed, is evidently a supplement to the General Road Law of June 13th 1836, Pamph. L. 551. Its title is " An Act to amend the Road Laws of Bucks county," and it is clear that in all points in which special provision by way of amendment is not made, the general law must govern. By the 8th section of the Act of 1836, the amount of damages awarded to any landowner is to be paid to the party entitled thereto : and the party thus referred to is " the owner of any land through which a public road shall be opened." When, therefore, the 4th section of the Act of 1857 directs that the damages found and confirmed " shall be paid as directed by law," it means not merely that they shall be paid out of the county treasury, but to the owner through whose land the road is opened. Until the order is finally made to open the road the proceedings are *in fieri,* and may result in no road being opened at all. The party to whom the damages are awarded in the first instance has no vested right to receive them, until the final order ; and if before that he sells

[Meginnis *v.* Nunamaker.]

and conveys the land, the right to receive them passes with the land to the vendee, unless prevented by some special agreement.

It is contended that because under the 3d section of the Act of 1857 the vendor might before the sale have released all claim for damages, and that his vendee would then have no right of action against him on his covenant of warranty, according to Dobbins *v.* Brown, 2 Jones 75, that this demand cannot be supported. The consideration of such a release is the prospective advantage of the road to the land, and this the vendee would have enjoyed. For the technical reason given in that case that the entry of the public under the right of eminent domain is no evidence within the terms of the covenant, he could not have maintained an action against his grantor. Here the vendor insisted that the damage was greater than the advantages, and his vendee is the one who has suffered that damage, by his land having been taken. In equity, then, he is entitled to the money and may well recover it as money had and received to his use.

Judgment affirmed.