JAMES B. TROGDEN & another *vs.* WINONA & ST. PETER RAILROAD COMPANY.

October 4, 1875.

**Condemnation of Land—Change of Ownership Pending Appeal from Award.—** In proceedings by defendant to condemn land under its charter, the commissioners made separate awards in favor of respondents, as owners, and one K. as mortgagee. Respondents appealed from the award as respected their

damages, but K. did not.  Pending the appeal, K. became the owner of the property by a foreclosure of his mortgage and the expiration of the period for redemption, but no steps were taken for a substitution of parties to the record by reason thereof.  *Held,* 1. That on the trial of such appeal before the jury the sole question for its determination was the propriety of the amount awarded by the commissioners to respondents as compensation for their interest and estate in the property, so far as it was injuriously affected or taken by the company, and that such compensation must be ascertained by the jury in reference to the same estate and interest, and as of the same time, as was done by the commissioners in making their award.

**Same—Foreclosure of Mortgage Pending such Appeal.**—2. That the fact that K., the mortgagee, had become the absolute owner of such estate, pending such appeal, in no way affected the question to be litigated before the jury.

**Same—Effect of Award as to Mortgagee not Appealed from.**—3. That the award as to K., as mortgagee, not having been appealed from, was conclusive as between K. and the company; and though it was competent evidence as to the amount of his damages—proper for the consideration of the jury in determining the amount of respondents' damages—yet it was not conclusive.

**Same—Award duly made is Binding on Parties of Record, Properly Served, and their Privies.**—Whenever, in proceedings of this character, under a charter like the defendant's, jurisdiction has once attached by due service of the requisite petition and notice upon all parties having or claiming any estate or interest in the property thereby affected, and an award is regularly made by the commissioners as to each claimant, the rights of the respective parties become definitely fixed, and such award, until modified or changed on appeal, is conclusive and binding, not only upon the parties of record, but upon their privies and grantees.

**Trial—Error without Prejudice Disregarded.**—Certain rulings of the trial court considered, and *held* not prejudicial to appellant, and, therefore, not error sufficient to warrant a new trial.

Proceeding to condemn land for railroad purposes.  The petition set forth the names of the respondents, as owners, and that of one Kelly, as mortgagee, and in the award the compensation awarded to the mortgagee and that awarded to the owners were separately stated.  The mortgagee did not appeal from the award.  The land owners appealed to the district court for Nicollet county, where a trial was had before *Hanscome*, J., and a verdict rendered in excess of the award.  Judgment was entered on the verdict, and the company appealed.

*Thomas Wilson* and *William Mitchell*, for appellant.

*Charles S. Bryant* and *G. S. Ives*, for respondents.

CORNELL, J.[1] On the trial of the appeal the company offered evidence tending to prove that the interest and estate of the Trogdens had terminated since the appeal was taken, and become wholly extinguished by the foreclosure of the Kelly mortgage and the expiration of the period of redemption. This the court excluded, and it is now assigned as error by the appellant.

The question for the consideration of the jury was the propriety of the amount awarded the Trogdens by the commissioners as compensation for their interest and estate in the property, so far as it was injuriously affected or taken by the company. In determining this it is obvious such compensation was to be ascertained in reference to the same estate and interest, and as of the same time, as was done by the commissioners in making their award, and clearly this could result in no prejudice to the company. Wherever, in proceedings of this character, under a charter like the present, jurisdiction has once attached by due service of the requisite petition and notice upon all parties having or claiming any estate or interest in the property thereby affected, and an award is regularly made by the commissioners as to each claimant, the rights of the respective parties become definitely fixed, and such award, until modified or changed on appeal, is conclusive and binding, not only upon the parties to the record, but their privies and grantees. Any person subsequently acquiring any interest in the property takes it with full notice, and subject to the award. If such interest is acquired before the time prescribed for taking an appeal has expired, as was the case in *Carli* v. *Stillwater & St. Paul R. Co.*, 16 Minn. 260, the person acquiring such interest becomes the proper party to bring the appeal; but the question to be tried on such appeal is the same, whether prosecuted by the original claimant or his grantee. If, however, as is claimed in the case at bar, the estate and interest of the original claimant

[1] Gilfillan, C. J., having been of counsel, did not sit in this case.

becomes transferred pending the appeal, and before final judgment, that may be good ground for a substitution of parties to the record upon a proper application and showing, but can have no effect whatever upon the question to be litigated upon the trial of the appeal, the final and full determination of which alone can render the proceedings at all effectual for the purposes for which they were instituted.

As between the company and Kelly, as mortgagee, the award, not having been appealed from, is final and conclusive. Conceding that he has become the absolute owner of the property affected by the award since the appeal, and so entitled to the damages, as incident to such ownership, instead of the Trogdens, that is a matter of no concern or interest to the company, because, whether Kelly takes any steps to protect his rights or not, the judgment will be a full protection to it as against him, especially as he was a party to the proceedings as originally commenced. The testimony offered and objected to was clearly inadmissible. *St. Paul & Sioux City R. Co.* v. *Matthews*, 16 Minn. 341; *Winona & St. Peter R. Co.* v. *Denman*, 10 Minn. 267; *Carli* v. *Stillwater & St. P. R. Co.*, 16 Minn. 260, 266.

Appellant's third point, as appears from the printed points furnished the court, is as follows: "The court manifestly erred in refusing to instruct the jury that they should consider the building of fences along the line of the railroad as a special benefit, and in classing this among general benefits, shared in common with the neighborhood."

It is presumed that this point of appellant's is misprinted, inasmuch as a careful examination of the paper-book discloses no refusal such as is indicated. It appears, however, that the court did charge the jury, among other things, as follows: "The railway company are required to build fences along the line of the road, and, therefore, you will not take into consideration the building of additional fences by the appellants (the Trogdens) as an element of damages, nor will you consider it any special benefit, for it comes under the head of general benefits, which are shared in common

with the neighborhood along the line of the road," and that the company " then and there duly excepted " to such charge. No point being made by the respondents here as to the sufficiency of the exception to each of the two propositions contained in this instruction, we will consider it.

It is quite clear that the company could not have been prejudiced by the first portion of the instruction, and if, as respondents contend—and correctly, as it would seem from the grammatical construction—the latter portion relates to the " building of additional fences " by the Trogdens, it is equally clear that it could have suffered no injury from that ; for, whether it specially benefited the farm or not, being built by them, and at their expense, the company would have no right to recoup anything on that account. If, however, as is claimed by appellant, it referred to the fences required to be built by the company, undoubtedly the instruction is erroneous in so far as it classes, as matter of law, all possible benefits resulting therefrom, under the head of general benefits. Whether such fencing conferred upon the farm any special benefit, not shared in common by the neighborhood, depended upon a variety of circumstances, such as the size and character of the farm, and the location of the fencing as respects the advantageous division of the same into fields, for purposes of pasturage or tillage— matters peculiarly appropriate for the consideration of a jury. But however incorrect this branch of the charge may be as an abstract proposition, it is not apparent from the case as settled that the company has been prejudiced thereby. It does not appear that the whole of the testimony bearing upon this subject is before us, and, so far as the evidence disclosed by the record is concerned, no facts are testified to by which the jury could legitimately determine whether the farm was increased or diminished in value by reason of such fencing. In our judgment there is nothing contained in this instruction that will warrant us, under the circumstances, in ordering a new trial.

The court declined to charge the jury that, in determin-

ing the amount of their verdict in favor of the Trogdens, they must deduct from the whole damage done to the farm the amount awarded by the commissioners to Kelly, as mortgagee, but instructed them that they could only embrace in their verdict such damages as they might find, from the evidence, the Trogdens had sustained, exclusive of the amount which other parties might be entitled to as encumbrancers, and that they could take into consideration, in that connection, the amount awarded Kelly by the commissioners. There was no error in the rulings of the court in this regard prejudicial to the company. The amount of the award to Kelly, as found by the commissioners, was not conclusive upon the jury in determining the question as to the Trogdens' damages. They were not parties to the controversy between Kelly and the company, and, of course, not bound by its result.

As the record does not purport to contain all the testimony, no question can be considered in regard to the sufficiency of the evidence to support the verdict.

Judgment affirmed.