# Ala. Midland Railway Co. *v.* Newton.

*Statutory Proceeding for Condemnation of Right of Way by Railroad Company.*

1. *Conclusiveness of judgment of condemnation.*—Under statutory provisions regulating proceedings for the condemnation of a right of way by a railroad company (Code, §§ 3207-20; Sess. Acts 1888-9, p. 112; *Ib.* 1890-91, p. 1134), the order of condemnation does not vest any title in the railroad company, unless the damages assessed are paid within six months; and payment not having been made within that period of time, the decree is not a bar to a subsequent proceeding seeking the condemnation of the same land, or a part thereof.

2. *Appeal.*—Under these statutory provisions, as heretofore construed (87 Ala. 328; 92 Ala. 321), an appeal lies to the Circuit Court, but not to this court, from an order or decree sustaining a plea of *res judicata* to a petition for the condemnation of a right of way.

APPEAL from the Probate Court of Montgomery.
Heard before the Hon. F. C. Randolph.

A. A. WILEY, and TOMPKINS & TROY, for appellant.

MOORE & FINLEY, *contra.* (No briefs on file.)

COLEMAN, J.—The pleadings show that prior to December 16, 1889, appellant began in the Probate Court of Mont-

gomery county *ad quod damnum* proceedings to condemn certain lands of appellee, to be used as a right of way; and on the 16th December, 1889, the day to which the hearing had been continued, the damages were assessed by a jury at $560, and the order of condemnation regularly entered by the court. Appellant did not pay the damages found by the jury, or take possession of the land condemned, or prosecute the condemnation proceedings further. In December, 1890, more than six months after the order of condemnation was made, appellant began the present proceedings, in the same court, against the same party, for the condemnation of the identical lands, less ten feet on the south side of the lot. The appellee interposed the former proceedings and order of condemnation, in bar of the present petition. The court overruled the demurrer to the pleas of appellee, and held that the question was *res adjudicata*, and dismissed the petition of appellant. The question is a new one in this State, but the principle involved has been adjudicated by the Supreme Courts of several of the States of the Union.

Appellee principally relies upon the authorities furnished by the Court of Appeals and Supreme Court of Missouri. In the case of *Leisse v. St. Louis & Iron Mountain R. R. Co.*, 2 Mo. App. 105, it was held that when proceedings, instituted to condemn private property for public use for railroad purposes, are abandoned by the railroad corporation, because it is' dissatisfied with the price fixed by the inquest, it will be liable to the owner of the property, for all damages sustained in consequence of such proceedings. This principle was reaffirmed in 5 Mo. App. 585, and affirmed by the Supreme Court of the State in 72 Mo. 562. The rights of the parties in *ad quod damnum* proceedings of this nature must depend upon the Constitution and statutes of the State under which they are instituted. The case cited and principally relied upon from Missouri does not quote or refer to the statute under which the decision was rendered. It does refer to and cite, in support of the conclusion of the court, the case of *North Mo. R. R. Co. v. Lockland*, 25 Mo. 515, where the statute is set out under which the proceedings in that case were instituted. The language of the act, as there stated, is: "The court shall enter judgment in favor of such owner, against such company, for the amount of damages assessed, and shall make an order vesting in said company the fee-simple title to the land." The question before the court was to determine at what period of time the right to compensation became vested and the title to the land transferred; and it was held, that no order transferring the title could be

made until all the preliminary steps pointed out in the act had been taken, and until this was done, and the judgment of the court rendered, the company had the right to discontinue their condemnation proceedings.

The statute of this State in some respects is very dissimilar to that of the Missouri statute. Code, § 3216, provides that "The order of condemnation, upon the payment of the sum ascertained and assessed by the verdict of the jury, shall vest in the applicant the easement proposed to be acquired," etc. The amendment to this section, found in the Sess. Acts of 1-90-91, p. 1134, in no way affects the principle of law under consideration. The effect of the act is to provide that the payment of the sum ascertained and assessed by the verdict of the jury shall be made a condition precedent to the vesting of the easement under the order of condemnation; and under the principle of law declared in the Missouri authority, until this was complied with the petitioner had the right to discontinue his proceedings.

Section 3218 of the Code further provides : "The applicant may pay the damages and compensation assessed at any time within six months after the assessment thereof," etc.; "but, if he fails to pay the same within such time, such assessment shall cease to be binding on the owner of the lands, and the rights of the applicant thereunder shall determine; and upon such failure, the applicant shall be liable to the owner for all damages the latter may have sustained by the institution of such proceedings, including a reasonable attorney's fee," etc.

Under our system, not only must the compensation be paid as a condition precedent to the vesting of the title, but a time is fixed within which it must be paid, or the rights of the applicant will determine. It seems clear from the statute, that its purpose was not to give to the verdict of the jury and the order of condemnation the force and effect of an absolute judgment, conclusive for all purposes and time upon the parties. It is conclusive for a period of six months, in so far as it adjudicates the amount of compensation to be paid by the applicant, and his right to the land condemned, upon its payment. It is also conclusive upon the land-owner for the same period of time, so far as it fixes his compensation, and estops him from exercising any rights over, or making any disposition of the property in conflict with the order of condemnation. It is the payment of the compensation as provided by the statute, which transfers the property, and gives the order of condemnation the attribute of a final and absolute judgment, con-

clusive upon the parties, and which·may be pleaded as *res adjudicata*.

The statute of Illinois provides, that "The judge or court, upon such report [the report of the jury], shall proceed to adjudge and make such order as to right and justice shall pertain, ordering that petitioner enter upon such property and the use of the same, upon payment of full compensation as aforesaid," etc. It was held under this statute, that until compensation was paid, there is no right to enter upon the premises, and that until that time the company seeking condemnation had the right to abandon the location and adopt another; and that until the selection became binding on the company, the owner of the land could do any act that an owner may do with his own, not materially interfering with the condemnation proceedings, and the object sought to be accomplished thereby.—*Schreiber v. R. R. Co.*, 115 Ill. 340.

The case of *Storey v. Vermont Cent. R. R. Co.*, 27 Vt. 44, is very full to the point, that until payment was made, no right to the land vested in the company, and if the company had no vested·rights, the land-owner had none to the compensation awarded. As holding the same doctrine, see *Graff v. Mayor of Baltimore*, 10 Md. 544; 11 How. (U. S.) 396; *Hays v. Cin. & Ind. R. R. Co.*, 17 Ohio St. 103..

In the case of *Cin. & Sou. R. R. Co. v. Hays*, 42 Ohio St. 239, it was held that the failure of the corporation to pay for and take possession of the land within six months (similar to our statute) after the assessment of compensation shall have been made, is no bar to a new proceeding under the statute by the same corporation, after the expiration of the six months, for the appropriation of the same property for the same public use. We cite as a further authority on this point the case of *Corbin v. Cedar Rapids &c., Rwy. Co.*, 66 Iowa, 73.

It is certain that appellants can not enter upon and take possession of the land under the first condemnation proceedings, more than six months having elapsed since the rendition of the condemnation order; and if the land can not be condemned by a proceeding *de novo*, then the land is forever released from liability to public use, however great a necessity may arise. Appellee may have sustained damage in consequence of the former proceedings, but the statute affords a remedy in behalf of the "owner for all damages the owner may have sustained by the institution of such proceeding, including a reasonable attorney's fee for defending the same." The court erred in overruling the demurrer of appellant to the defendant's plea of *res adjudicata*.

[Brinson v. Edwards.]

In the case of the *Postal Tel. Co. v. Ala. Gr. So. R. R·
Co.*, 92 Ala. 331; 9 So. Rep. 555, section 3210 of the Code⁊
as amended by the act of February 28, 1889—Acts of 1888–9⁊
p. 113—and as further amended by act of February 18, 1891
—Acts of 1890–91, p. 1134—it was held that an appeal did
not lie in condemnation proceedings from the Probate Court
to the Supreme Court, but only to the Circuit Court.

In the case of *Woodward Iron Co. v. Cabaniss*, 87 Ala.
328, construing section 3210 of the Code, as amended by the
act of February 28, 1889, *supra*, in order to preserve the con-
stitutional right of trial by a lawful jury, it was declared that
an appeal would lie under section 3640 of the Code to the Circuit
Court.   We deem it unnecessary to repeat the argument, or
fortify the conclusion reached in these cases by additional argu-
ment.   The conclusion is, that no appeal lies in *ad quod
damnum* proceedings to the Supreme Court ; and the appeal
must be dismissed.

. We have considered this case upon its merits, and adjudi-
cated the questions raised by the assignments of errors, and
argued in briefs.   We have done this merely to aid the lower
court, if the parties see proper to prosecute the case by ap-
peal to the Circuit Court.

Our conclusion is, this court has no jurisdiction of the case,
and the appeal must be dismissed.