In Re Condemnation of Lands for a New State House,
claim of John F. Doyle, Executor.

PROVIDENCE—NOVEMBER 12, 1898.

Present: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Landlord and Tenant. Notice. Pendente lite. Condemnation Proceedings.*

Claimant's testator was tenant of land from year to year, his occupation year ending July 1, 1893, and received no notice from his landlord for the termination of the tenancy, but continued in occupation after said date. In May, of the same year, the State House Commissioners gave notice of proceedings for condemnation of estates, of which this land was a part, and the land was condemned thereunder on July 9. The claim was for damages for being deprived of the land for a part of another occupation year:—

*Held*, that the failure of the landlord to give notice gave the tenant no right as against the State House Commissioners.

*Held*, further, that the tenant's right to hold over was obtained *pendente lite* as against the commissioners, and was, therefore, subordinate to their rights under the condemnation proceedings.

*Held*, further, that the testator's right in the land, as against the commissioners, ceased with the expiration of the occupation year.

CLAIM for damages to a yearly tenancy of land taken by the State House Commissioners. Heard on claimant's petition for a new trial.

(1)  MATTESON, C. J.  Our opinion is that the nonsuit was properly granted. The case shows that at the time of the commencement of the proceedings, in May, 1893, the claimant's testator, Philip A. Doyle, held a portion of the land proposed to be taken as a tenant from year to year; that his current occupation year began on July 1, 1892, and expired on July 1, 1893; that the land was condemned July 9, 1893, and that the claimant's testator continued in the occupation of it undisturbed, not only till the expiration of his occupation year, but for several months after the condemnation. The contention of the claimant is that his testator, being a tenant from year to year and having received from the landlord no notice to terminate the tenancy, was entitled to hold

over for another year, and is therefore entitled to damages for so much of the year ensuing July 1, 1893, as he was deprived of the occupation of the land. We do not think that the contention can be sustained. Though as between himself and the landlord the tenant may have acquired the right to hold for another year, by the failure of the landlord to give the requisite notice to terminate the tenancy, such failure gave no right as against the State House Commissioners. The right of the tenant to hold over as against them was obtained after the giving of the notice of condemnation proceedings in May, 1893, and was obtained, therefore, *pendente lite*, so far as they were concerned, and was subordinate to their rights under the proceedings. Such being the case, and the tenant having been permitted to remain until the expiration of his current occupation year, the claimant is entitled to no compensation, for his testator's right in the property as against the State House Commissioners ceased with the expiration of the occupation year. *Schreiber* v. *Chicago & Evanston R. R. Co.*, 115 Ill. 340 (346, 347); Lewis Em. Dom. § 326 and note 4.

*Andrew B. Patton*, for claimant.

*Willard B. Tanner*, *Attorney-General*, for the State.