# Smith *v.* Jeffcoat.

### Trespass Quare Clausum Fregit.

(Decided April 6, 1916.   71 South. 717.)

1. **Eminent Domain; Right of Parties; Compensation; Time of Payment.** —Where the action was trespass quare clausum fregit, a plea attempting to justify under a probate decree condemning the realty to the use of a railroad for a right of way, and authorizing it to construct its line thereon, and alleging that plaintiff occupied the premises under a lease from the owner entered into after condemnation proceedings were filed, and that the trespass was only so much as was necessary to permit the use of the land for the right of way, is demurrable if compensation had not been paid for the property prior to the entry as is required by § 3882, Code 1907.

2. **Same; Computation.**—The compensation to be paid by the railroad for the land condemned must be fixed by the valuation of the property as of the date of the petition for condemnation.

3. **Same; Effect.**—If the railroad compensates the owner for the land taken under eminent domain, its right and title vests under such payment, and relates back to the filing of petition for condemnation, as against intervening rights.

4. **Same; Pendente Lite.**—One who acquires a leasehold interest in land against which condemnation proceedings have been filed, takes it subject to the rights of the condemning party, and can have no compensation for the alleged interest in the land.

5. **Same; Decree; Conclusiveness.**—If possession of plaintiff was acquired prior to filing the condemnation proceeding, and plaintiff was not a party, he was not bound by the decree, and was not divested of whatever title he had.

6. **Same; Pleading; Sufficiency.**—Where plaintiff sought damages for trespass against his leasehold interest by a railroad, and the railroad sought to justify under probate decree in eminent domain, plaintiff's replications thereto were not sufficient because they failed to show the precise character, time of beginning, and duration of his leasehold interest.

7. **Same; Entry.**—In entering for the reasonable assertion of rights conferred by the statute, and decree of the probate court condemning land in pursuance thereof, a defendant entering as a duly authorized agent of the railroad which condemned the land, was not guilty of a trespass.

8. **Trespass; Realty; Personalty.**—Damages to personal property inflicted by entering the land under a probate decree condemning it for a railroad right of way, does not constitute a trespass against the realty.

APPEAL from Jefferson Circuit Court.
Heard before Hon. C. B. SMITH.

Action by W. P. Smith against J. B. Jeffcoat for trespass quare clasum fregit. Judgment for defendant and plaintiff appeals. Reversed and remanded.

John W. Altman, for appellant. Forney Johnston, and W. R. C. Cocke, for appellee.

Sayre, J.— (1) This was an action of trespass quare clausum fregit for that defendant entered upon plaintiff's close and moved a storehouse, impairing the storehouse and breaking and destroying articles of personal property therein. Defendant justified under the authority of Birmingham, Ensley & Bessemer Railroad Company and a decree of the probate court condemning the realty to the use of said company for a right of way, authorizing it to construct, maintain, and operate thereon "a double track line of railroad over and upon the said land and through any building within said right of way," alleging that plaintiff occupied the premises under a lease from the owner into which he entered after the proceedings for condemnation had been filed in the probate court, and that on the occasion complained of he did not move the storehouse a greater distance off the right of way than was reasonably necessary in order to construct said railroad. This plea was subject to that ground of demurrer which took the point that compensation had not been made for the property taken prior to the entry complained of, as provided in section 3882 of the Code. This ground of demurrer is now confessed, and for the error in overruling it the cause must be reversed.

(2-4) It is proper, in order to expedite the cause, and we are invited by the parties, to pass upon another question that lays at the root of plaintiff's case. The theory of plaintiff's case was that, regardless of that institution of condemnation proceedings prior to the time of his lease, he acquired a right of possession superior to that of the condemnor, and that he was not concluded by that proceeding because he was not made a party. The compensation to be paid by the railroad company must be fixed by the valuation of the property as of the date of the petition for condemnation.—Southern Ry. Co. v. Cowan, 129 Ala. 577, 29 South. 985, and cases there cited. Assuming that defendant will be able to amend his special plea by showing payment or a deposit of the compensation awarded in court for the owner as provided by section 3882 of the Code, prior to the entry alleged, the

4—196

[Smith v. Jeffcoat.]

right and title of the railroad company, under whose authority he entered, vested upon such payment or deposit, and, as against intervening rights, related back to the filing of the petition for condemnation. On the facts stated in the plea, plaintiff acquired his leasehold pendente lite, his rights under it were subject to the right of the railroad company petitioning for condemnation, and he was entitled to no compensation as for his alleged interest in the land.—2 Lewis Em. Dom. (2d Ed.) § 338; *Schrieber v. Railroad Co.*, 115 Ill. 340, 3 N. E. 427; *In re State House*, 21 R. I. 59, 41 Atl. 1004. The demurrer to the plea, upon grounds other than that first above noticed, was not well taken.

(5, 6) If by his special replication plaintiff intended only to deny that the right and title by which he held possession at the time of the trespass alleged in the complaint had been acquired after the institution of the condemnation proceedings, every purpose of the replication was served by the general traverse filed at the same time, and there was no reversible error in sustaining the demurrer to the special replication. If the possession against which defendant was alleged to have offended was held by plaintiff under right and title acquired before the condemnation proceedings were instituted, the decree was not conclusive against him, and did not divest him of the lawful right, title, or possession he had, because he was not a party to the proceedings. But the substance of the replication, construed against the pleader, seems to be that at the time of the trespass complained of he was in possession under a lease from the owner, and at the time of the institution of the condemnation proceedings he was the owner of a leasehold interest in the premises under a contract of lease from the owner of the legal title. It is not made to appear that the contract under which plaintiff held at the time of the alleged trespass was the same lease under which he held at the institution of the proceedings for condemnation. Consistently with the facts alleged, the right to the possession upon which defendant entered was acquired by contract intervening between the institution of the proceedings and the alleged trespass. Consistently also, the possessory right under which plaintiff held at the institution of the suit expired before the trespass alleged. If so, defendant's entry was not wrong. The replication was bad, therefore.

(7, 8) In entering for the reasonable assertion of rights conferred by the statute and the decree of the probate court made

[Kearns v. Mobile L. & R. R. Co.]

in pursuance thereof, defendant, as the duly authorized agent of the railroad company, was not guitly of a trespass. Nor did the fact that defendant's removal of the storehouse resulted in the breaking of plaintiff's lamps, scales, and clock, made defendant a trespasser as to the realty. If defendant was guilty of any wrong in respect of plaintiff's personalty, his remedy was by way of a different action.—*Southern Ry. Co. v. Hayes*, 183 Ala. 465, 62 South. 874. The gist of plaintiff's action, as framed, was the alleged trespass to realty.—*Hardeman v. Williams*, 169 Ala. 50, 53 South. 794.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.