(132 So. 321)

**STATE ex rel. CITY OF MOBILE v. WILLIAMS, Judge.**

**1 Div. 615.**

Supreme Court of Alabama.

Jan. 22, 1931.

Vincent F. Kilborn and Harry Seale, both of Mobile, for appellant.

Smith & Johnston, of Mobile, for appellee.

**FOSTER, J.**

Our view is that the proper interpretation of section 7491, Code, in respect to the nature of the order of condemnation, is expressed in our case of Jefferson County v. Birmingham, 217 Ala. 268, 115 So. 422, 424, in which it is said: "This statute prescribed the terms of the order of condemnation," and that "it does not mean no order of condemnation is entered until the compensation is paid."

Whether that statement was necessary to the decision in that case or not, we think that it was a correct construction of that statute, especially when all the provisions of the chapter on eminent domain are considered. An appeal may be taken in thirty days after the order. As a condition to the appeal by petitioner when he does not wish to enter upon the land during its pendency, we think it is not contemplated that he shall first pay the award before an order may be made from which he can appeal.

Such is the nature of the situation in this case. Petitioner is not satisfied with the award, and wishes to appeal to the circuit court, as authorized by section 7492. But he was denied this right by the refusal of the probate court to enter an order of condemnation from which he could appeal. The order itself should contain the condition that the condemnation is effective "upon the payment of the damages and compensation so assessed and reported or the deposit of the same in court," as stated in section 7491, Code. After such order is made, the petitioner has six months in which to pay the amount so as-

sessed. If not paid in that period of time, the "assessment shall cease to be binding on the owner of the lands." Section 7500, Code. It is made plain by section 7493, Code, that payment of the award is a condition to an appeal, only if petitioner wishes to enter upon the land during its pendency. In that event, he must also execute bond. Section 235, Constitution; section 7493, Code.

This interpretation is also applicable to section 7496, Code, relating to the order of condemnation in the circuit court on appeal. Its language supports the contention of appellee more strongly than that of section 7491. But it is also provided in section 7499, relating to the effect of such an order, that "the order of condemnation upon the payment of the sum ascertained and assessed by the verdict of the jury, or the deposit thereof in court for the defendant, shall vest in the applicant the easement proposed." It is pointed out in 2 Nicholes on Eminent Domain (2d Ed.) p. 1114, that this is the meaning of such statutes as ours. This language explains the character of the order contemplated by section 7496, and shows that a further order is not necessary to be made after such payment.

In our case of Alabama M. Ry. Co. v. Newton, 94 Ala. 443, 10 So. 89, it is said that the order of condemnation is conclusive for a period of six months, during which he may pay the award. This could not be so, unless there is an order of condemnation entered before payment is made, though conditioned upon such payment.

Without prolonging the discussion, our judgment is that appellant was due to have the order of condemnation entered in the form we have indicated, if the facts of his petition are true, and that the demurrer to it was not properly sustained. The judgment is therefore reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.