156 So.2d 137

**STATE of Alabama**

v.

**Purvey PETTIS et al.**

7 Div. 576.

Supreme Court of Alabama.

Aug. 29, 1963.

Richmond M. Flowers, Atty. Gen., Julius Cage, Jr., and Robt. M. Hill, Jr., Asst. Attys.

Gen., and John W. Coleman, Sp. Asst. Atty. Gen., for appellant.

Dixon, Wooten & Boyett and J. N. Montgomery, Talladega, for appellees.

HARWOOD, Justice.

This is an appeal by the State of Alabama from an order of the Circuit Court of Talladega County granting the appellee's motion to dismiss an attempted appeal by the State from an order of the Probate Court of Talladega County, the order having been entered in condemnation proceedings.

The State filed its application in the Probate Court to condemn for highway purposes certain described lands owned by the appellees.

The application was granted by the Probate Court, and commissioners were appointed to assess such damages to which appellees, as condemnees, were entitled.

Following a hearing by the commissioners their report was filed on 27 November 1961.

On 28 November 1961, the court entered an order which it entitled "Decree Confirming Commissioner's Report."

■ The character of a pleading, or of a judgment or decree is determined from its essential substance, and not from its descriptive name or title.

The decree of 28 November 1961 is clearly one of condemnation. After determining that all statutory requirements for condemning the described parcels of land have been met, this order concludes:

"It is, Therefore, ORDERED, ADJUDGED and DECREED by the Court that the petition in this cause asking that the lands described therein be condemned for the uses and purposes stated therein be, and the same is, hereby granted, and that the lands described in the original petition in this cause and in the report of said Commissioners be, and the same are, hereby condemned for use by Petitioner for all easements and privileges set forth in the original petition in this cause, and that the said Petitioner shall have the right to use said land as a right of way for public roads and highways described in said original petition and in said report of said Commissioners, and that Petitioner shall have all easements, rights and privileges, with regard to said lands.

which are set forth in the original petition in this cause, and that the said lands described in said original petition and in said report of said Commissioners are condemned for the uses and purposes hereinabove stated as against all parties having any interest therein or who are made parties defendant in this proceeding and are especially condemned as against all parties having any interest therein or who are made parties respondent in this proceeding and are especially condemned as against * * *." (Appellees' names set forth.)

No appeal to the Circuit Court was taken from this decree of 28 November 1961.

On 7 December 1961, the awards assessed by the commissioners were paid into the Probate Court.

On 4 January 1962, the Judge of Probate signed an order entitled "Final Order and Decree of Condemnation."

This decree is virtually the same as the decree of 28 November 1961, except that it recited that on 28 November 1961, " * * * the Court having confirmed the report of said commissioners and ordered that the same to be recorded and that upon the payment of the damages and compensation so assessed and reported or the deposit of the same in Court as provided in Section 16 of Title 19 of the Code of Alabama 1940." The Court then found the amounts due to each appellee respectively from the money paid into court.

The decree of 4 January 1962 concludes by again condemning the lands in question to the use of the State as a right of way for public roads.

On 5 January 1962, the State filed notice of appeal from said "Final Order and Decree of Condemnation" of 4 January 1962.

The appellees filed their motion to dismiss this attempted appeal to the Circuit Court on the grounds that the same was not taken within thirty days from the order of condemnation of 28 November 1961, as required by law.

At the hearing in the Circuit Court upon the appellee's motion to dismiss the appeal, the cause was presented upon stipulated facts, the proceedings in the Probate Court, and the decrees entered being a part of the stipulation. In addition, it was agreed that the State on 7 December 1961 paid into the Probate Court the damages assessed by the commissioners, and on that same day went into possession of the lands involved and posted signs advertising for sale structures thereon, which signs stated the property was State property.

On 23 February 1962, the Circuit Court entered an order granting appellee's motion to dismiss the State's appeal.

The only issue in this appeal is whether the order of 28 November 1961 is an order of condemnation within the meaning of Section 17, Title 19, Code of Alabama 1940, from which an appeal must be taken within thirty days, or whether, as the State contends, the order of 28 November 1961 was conditioned upon the payment of damages into the Probate Court, after which an order of condemnation is made, and therefore an appeal may be taken within thirty days from either order.

Section 16, supra, makes it mandatory for the probate judge to make *orders* of condemnation when damages are paid. It also provides that the Probate Court "must make orders of condemnation in pursuance thereof upon the payment of the damages and compensation so assessed and reported or the deposit of the same in court."

Counsel for appellant contend that this contemplates more than one order in condemnation proceedings. Particularly is this true, they contend, when read in the light of language in our decisions to the effect that the first order of condemnation should provide that the condemnation should be effective upon the payment into court of the amount fixed. State v. Carter, 267 Ala. 347, 101 So.2d 550; State ex rel. City of Mobile v. Williams, Judge, 222 Ala. 274, 132 So. 321; Calhoun County v. Logan, 262 Ala. 586, 80 So.2d 529.

We think the present facts illustrate the need for such subsequent orders, in that there are a number of condemnees as to each tract of land condemned. A lump sum was assessed for each tract. After the land was condemned and the damages assessed, subsequent orders of distribution of the damages to the respective condemnees as their interests appear is necessary.

Section 17, Title 19, Code of Alabama 1940 provides that "Any of the parties may appeal from the order of condemnation of the circuit court of the county within thirty days." Of necessity this refers to the order of condemnation that must be issued by the Probate Court upon report of the commissioners.

An appeal is by the grace of some statute, and is not a vested right. Stanton v. Monroe County, 261 Ala. 61, 72 So.2d 854. Section 17, Title 19, Code of Alabama 1940, is the only provision permitting appeals from orders of condemnation entered by probate courts. Harris v. Mobile Housing Board, 267 Ala. 147, 100 So.2d 719.

Discussion of the sections relating to condemnation pertinent to this appeal are to be found in State ex rel. City of Mobile v. Williams, Judge, 222 Ala. 274, 132 So. 321. The doctrines declared therein, we think necessitate conclusions adverse to appellant's contentions, and we quote such declarations:

"Our view is that the proper interpretation of section 7491" (now Sec. 16, supra) "Code, in respect to the nature of the order of condemnation, is expressed in our case of Jefferson County v. Birmingham, 217 Ala. 268, 115 So. 422, 424, in which it is said: 'This statute prescribed the terms of the order of condemnation,' and that 'it does not mean no order of condemnation is entered until the compensation is paid.'

"Whether that statement was necessary to the decision in that case or not, we think that it was a correct construction of that statute, especially when all the provisions of the chapter on eminent domain are considered. An appeal may be taken in thirty days after the order. As a condition to the appeal by petitioner when he does not wish to enter upon the land during its pendency, we think it is not contemplated that he shall first pay the award before an order may be made from which he can appeal.

\* \* \* \* \* \*

"The order itself should contain the condition that the condemnation is effective 'upon the payment of the damages and compensation so assessed and reported or the deposit of the same in court,' as stated in section 7491, Code. After such order is made, the petitioner has six months in which to pay the amount so assessed. If not paid in that period of time, the 'assessment shall cease to be binding on the owner of the lands.' Section 7500, Code." (Now Section 25, Title 19, Code of Alabama 1940.) "It is made plain by section 7493, Code, that payment of the award is a condition to an appeal, only if petitioner wishes to enter upon the land during its pendency. In that event, he must also execute bond. Section 235, Constitution; section 7493, Code." (Now Section 18, supra.)

\* \* \* \* \* \*

"In our case of Alabama M. Ry. Co. v. Newton, 94 Ala. 443, 10 So. 89, it is said that the order of condemnation is conclusive for a period of six months, during which he may pay the award. This could not be so, unless there is an order of condemnation entered before payment is made, though conditioned upon such payment."

It is the order of condemnation provided for in Section 16, supra, which condemns and also fixes the damages. The equities of the parties to the property were thereby determined. "A property settlement \* \* is a one time thing." See DuBoise v. DuBoise, (Ala.), 153 So.2d 778.[1] The power

1. Ante, p. 220.

454

reserved in the decree of 28 November 1961 is not a power to change the equities already determined and decreed, but is a reservation to make such subsequent orders as are necessary to effect that determination.

In the present case the orders of 28 November 1961 condemned the land. The second order of the court dated 4 January 1962, captioned "Final Order and Decree of Condemnation" was, insofar as it again condemned the land, beyond the power of the court and functus officio, since more than thirty days had expired since the entry of the condemnation order of 28 November 1961. It is only as to the distribution of the damages that efficacy attaches to this second decree. The decree of 4 January 1962 cannot therefore be properly considered in determining the time in which an appeal should have been taken. This time was thirty days from 28 November 1961. The appeal not having been taken within that time, the court below correctly granted appellee's motion to dismiss the attempted appeal.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.

