Irene Waller filed a complaint in the Circuit Court of Mobile County, seeking a divorce from Walker Ponda Waller. In the complaint, she alleged that a common-law marriage existed between the two parties. After hearing evidence, the trial court found that a valid common-law marriage existed and divorced the parties and divided the property. The husband appeals and asserts that the trial court erred in finding the existence of a common-law marriage.
A valid common-law marriage exists in Alabama when there is capacity to enter into a marriage, present agreement or consent to be husband and wife, public recognition of the existence of the marriage, and consummation. Mattison v. Kirk, 497 So.2d 120
(Ala. 1986). No specific words of assent are required; present intention is inferred from cohabitation and public recognition. *Page 870 Walton v. Walton, 409 So.2d 858 (Ala.Civ.App. 1982).
The undisputed facts are as follows: The parties were married in August 1969. They had one child and subsequently divorced in July 1983. The parties lived apart for approximately seventeen months. In February 1985, the parties resumed a relationship. The renewed relationship involved sexual relations and a shared bedroom in the wife's home, which had previously been the marital home. In November 1985, the parties executed a mortgage as husband and wife on the marital home. The parties then sold the marital home and purchased a new home. In February 1986, the parties executed another mortgage as husband and wife on the new home.
As is the situation in the majority of these cases, the facts relevant to the determination of the validity of the common-law marriage are, in large part, disputed. The evidence presented by the wife to support the finding of a marriage included the mortgages executed by the parties as "husband and wife"; the purchase of the new home with joint funds and labor; their daily residence in the same bedroom and in the same house with their children; the testimony of the wife's daughter by a prior marriage and the testimony of their son that the wife held herself out publicly as the wife of Ponda Waller and that the parties had introduced each other as husband and wife; the receipt of mail addressed to "Mr. and Mrs. Waller"; and the fact that the wife did the husband's laundry, cleaned the house, and engaged in other domestic chores and duties as his wife.
Evidence presented to show that a common-law marriage did not exist included testimony from witnesses that the parties said that they were not married; the introduction of mortgages and deeds denominating the parties as single, unmarried, or not remarried; the fact that the parties handled their finances separately, had no joint credit cards, and filed separate income tax returns; and the continuation of child support payments made by the husband.
After reviewing the evidence, it is obvious that there was a factual conflict as to whether a common-law marriage existed. Under those circumstances, it was the function of the trial court to resolve that conflict and to reach a decision upon that issue. The trial court determined that a common-law marriage existed. Because of the application of the ore tenus rule, we must presume that the finding was correct. We are not authorized upon appeal to set it aside if it was supported by credible evidence unless it was palpably wrong. Harden v.Harden, 418 So.2d 159 (Ala.Civ.App. 1982).
Because there was evidence to support the trial court's finding and because the finding is not palpably wrong, the judgment of the trial court is due to be affirmed.
The wife's request for attorney's fees on appeal is granted in the amount of $600.00.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.