Henry Clifford Swann ("father") filed a complaint for divorce, alleging he was the common law husband of Mary Michelle Swann ("mother"). The parties are the parents of one minor child. The mother denied the existence of a common law marriage. Following a hearing, the trial court entered a "Divorce Decree" finding that no common law marriage existed, that the plaintiff was the natural father of the minor child, and awarding custody of the parties' minor child to the mother.
Initially, we see that the trial court entered a "Divorce Decree" which was in substance a custody decree. "The character of a pleading, or of a judgment or decree is determined from its essential substance, and not from its descriptive name or title." State v. Pettis, 275 Ala. 450, 451, 156 So.2d 137, 138
(1963).
We note that where evidence is presented ore tenus, the judgment of the trial court is presumed correct. This court will not set aside such judgment unless it is found to be plainly and palpably wrong. Hall v. Hall, 571 So.2d 1176
(Ala.Civ.App. 1990). Additionally, "the trial court is uniquely qualified to observe the parties and resolve issues of their credibility." Id., at 1177. "[T]he trial court is the sole judge of the facts and of the credibility of witnesses, and the trial court should accept only that testimony which it considers to be worthy of belief. [Citations omitted.] In determining the weight to be accorded to the testimony of any witness, the trial court may consider the demeanor of the witness and the witness's apparent candor and evasiveness."Brown v. Brown, 586 So.2d 919, 920-21 (Ala.Civ.App. 1991).
The father first contends that the trial court erred in finding that no common law marriage existed. This court inWaller v. Waller, 567 So.2d 869 (Ala.Civ.App. 1990), stated the factors for determining whether a common law marriage exists.
 "A valid common-law marriage exists in Alabama when there is capacity to enter into a marriage, present agreement or consent to be husband and wife, public recognition of the existence of the marriage, and consummation. [Citations omitted.] No specific words of assent are required; present intention is inferred from cohabitation and public recognition."
While the evidence is undisputed that the parties did cohabit and that a child was born to them, the evidence is disputed as to whether there was an intent to be married or if the parties held themselves out as a married couple. Also in conflict is whether the parties wore wedding bands and introduced themselves as husband and wife.
The trial court heard numerous witnesses. It is the function of the trial court to resolve the conflict and make a determination on the issues. We must assume this is what the trial court did, and we can not disturb that decision absent an abuse of discretion. Waller. "It is not the province of this court to override the trial court's observations." Brown, at 921. Therefore, we find that the trial court's judgment finding no common law marriage was not erroneous.
Finally, the father argues the trial court erred in awarding custody of the parties' minor child to the mother. Again, the ore tenus rule of review is applicable. Those matters which rest solely within the discretion of the trial court include matters of child custody. Hall v. Hall, 571 So.2d 1176. "[I]n an action between parents involving an initial award of custody, it is well settled that the parties stand on equal footing and that no favorable presumption inures to either."Id., at 1177.
The present case involves an initial award of custody. Evidence was presented by the parties, both of whom sought custody of the minor child. The trial judge weighed all the evidence, determined that "the plaintiff [father] is the natural father of Johnathon David Swann [the minor child]", and made its decision that custody should remain with the mother. "The controlling consideration in child custody matters is always the best interests of the child." Murphree v. Murphree,579 So.2d 634, 636 (Ala.Civ.App. 1991). Based on the record in this case, the trial court would not be found in error in awarding the child to either party. Id. *Page 431 
The trial judge had substantial, disputed evidence to sort through concerning the issues raised by the father. Based on the well-settled case law cited herein and the ore tenus rule of review, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN, J., concurs.
ROBERTSON, P.J., concurs in result only.